UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN THE MATTER OF:

    CHARLES WALKER,             Chapter 11 Case No. 3:16-bk-03304

        Debtor.

_____/

CHARLES WALKER,

        Appellant.

                                Case No. 3:16-cv-01976
v.                                   Honorable Gershwin A. Drain
                                  Sitting by Special Designation

JOHN C. McLEMORE,

        Appellee.

_____/

**OPINION AND ORDER DENYING APPELLEES' MOTION FOR SUMMARY AFFIRMANCE [#5] AND DENYING APPELLEES' MOTION FOR SANCTION OF DISMISSAL [#8]**

**I. INTRODUCTION**

Presently before the Court is the Appellees'[1] Motion for Summary Affirmance of the bankruptcy court's July 13, 2016 order directing the

---

[1] Appellant asserts that appellees lack standing to bring their present motion. The Court will assume, without deciding, that appellees have standing. However, the Court will require Appellees to file a brief addressing the standing issue raised by Appellant.

1

appointment of a trustee in Appellant Charles Walker's Chapter 11 bankruptcy case. The Appellees also move for the sanction of dismissal.

The Appellant timely filed a Notice of Appeal and Statement of Election to appeal the order, but failed to file the designation of the record and statement of the issues to be presented before the deadline under the Rules of Bankruptcy Procedure. The Appellees argue Appellant's failure in this regard warrants summary affirmance of the bankruptcy court's order. For the reasons stated below, the Court will deny Appellees' Motion for Summary Affirmance and will accept Appellant's designation of the record and statement of the issues to be presented. Additionally, the Court will deny Appellees' Motion for Sanction of Dismissal.

## II. FACTS

On July 13, 2016, Judge Randal S. Mashburn of the United States Bankruptcy Court for the Middle District of Tennessee granted a Motion to Appoint a Trustee for Appellant's Chapter 11 bankruptcy case. *In re Charles E. Walker*, Case No. 3:16-bk-03304 Doc [#1-1]. Appellant filed a Notice of Appeal regarding the bankruptcy court's order on July 27, 2016. Appellees' Mot. Summ. Affirm. Pg ID 81. The Notice of Appeal became effective immediately upon its filing for two reasons: 1) the issue was immediately appealable, and 2) there were no other alterations of the appeal filed. *Id.*

On the same day, Appellant's counsel refused to file an appeal and filed an expedited Motion to Withdraw. Appellant. Resp. Opp'n. Mot. Summ. Affirm Pg ID 84 (citing B.C. Docket Entry Nos. 139-140). The order permitting counsel to withdraw was entered on August 17, 2016, *Id.* (citing B.C. Docket Entry No. 185.), and the Certificate of Notice is dated August 19, 2016. *Id.* (citing B.C. Docket Entry No. 199). On August 18, 2016, Appellant learned for the first time that the Chapter 11 trustee was refusing to pay counsel to represent Appellant. *Id.* The next day, Appellant[2], pro se, filed a designation of record and statement of the issues to be presented, which was nine days after the required fourteen-day deadline under Bankruptcy Rule 8009. Appellee Mot. at Pg ID 81-82. In this present motion, Appellees argue that Appellant's late filing bars him from appealing this matter, and entitles them to summary affirmance of the July 13, 2016 order directing the appointment of a trustee. *Id.*

### III. LAW & ANALYSIS

#### A. APPELLEES' MOTION FOR SUMMARY AFFIRMANCE

The Appellees rely on the Middle District of Tennessee's Local Rule 81.01. The rule states, "[f]ailure by an appellant to comply with the provisions of either Rule 8006, 8007 or 8009 of the Bankruptcy Rules . . . will result in summary affirmance of the opinion of the Bankruptcy Judge." M.D. Tenn. R. 81.01. Rule

---

[2] Appellant is a licensed attorney

3

Case 3:16-cv-01976   Document 12   Filed 06/29/17   Page 3 of 8 PageID #: 163

8009 states that an appellant must file with the clerk of the bankruptcy court a designation of the items to be included in the record of appeal and a statement of the issues to be presented within fourteen days after the appellant's Notice of Appeal becomes effective. Fed. R. Bankr. P. 8009. Since no motion to alter or amend was filed, the Notice of Appeal was effective immediately. *See* Fed. R. Bankr. P. 8002. Thus, Rule 8009's fourteen-day deadline for filing the designation of record and statement of the issues to be presented expired on August 10, 2016. Here, Appellant filed a record of designation or statement of the issue on August 19, 2016, or nine days after the fourteen-day period expired.

Pursuant to Rule 8003, "[a]n appellant's failure to take any step other than the timely filling of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). However, "[t]he district court has the discretion to dismiss an appeal for failure to comply with the procedural requirements of the bankruptcy rules." *Bender v. Abbott (In re Bender)*, No. 98-5559, 1999 U.S. App. LEXIS 19460, *3-4 (6th Cir. Aug. 12, 1999) (citing Fed. R. Bankr. P. 8001(a)).

A district court's power to dismiss a bankruptcy appeal "should not be exercised generally unless the omission arose from negligence or indifference of appellant, where good faith is shown . . . the court, in order to avoid injustice, may,

4

on a proper suggestion or on its motion, direct that the omission be corrected . . . ." *In re Winner Corp.*, 632 F.2d 658, 660 (6th Cir. 1980). A "showing of bad faith, negligence, or indifference justifies dismissal of a bankruptcy appeal." *Bender*, 1999 U.S. App. LEXIS 19460, at *4. Several circuits have established a list of factors to consider when determining whether dismissal is appropriate for an appellant's failure to follow the procedural rules (other than the failure to file a notice of appeal). *See Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 699 (5th Cir. 2000) (listing cases). Specifically, the courts should (1) make a finding of bad faith or negligence; (2) give appellant notice or opportunity to explain the delay; (3) consider possible prejudicial effect of delay on other parties; and (4) consider the impact of sanctions and available alternatives; (5) consider alternative sanctions and relative fault of the client and attorney unless egregious circumstances exist; (6) consider the existence of bad faith, which can constitute egregious conduct. *Id*.

Here, Appellant's filing of his designation of the record and statement of the issues to be presented nine days late does not amount to egregious conduct or bad faith. Appellant was represented by counsel at the time the Notice of Appeal was filed, however counsel moved to withdraw and refused to file an appeal of the bankruptcy court's order appointing a trustee. Appellant did not receive notice that counsel's motion to withdraw was granted until August 19, 2016. Appellant filed

5

his designation of record and statement of the issues to be presented that very day. Moreover, Appellees have offered no evidence they have been prejudiced by Appellant's late filing. Here, the record before the Court does not warrant dismissal of the appeal based on Appellant's procedural error, which was done in the absence of bad faith or egregious conduct, and which Appellant remedied promptly upon learning of the deficiencies with respect to the instant appeal. For these reasons, the Court will deny the Appellees' Motion for Summary Affirmance.

### B. Appellees' Motion for Sanction of Dismissal

Appellees also move for dismissal of the instant appeal based on the purported misconduct of Appellant. Appellees maintain that Appellant used his law firm's IOLTA trust account to pay the transcript fee associated with the filing of the instant appeal. Appellant asserts that he was given permission by an unnamed client to use the funds from the firm's account to pay for the transcript fees.

Pursuant to Tennessee Supreme Court Rule 8, section 1.15, an IOLTA account may hold "only funds of clients and third persons [in the hands of an attorney] that are nominal in amount or expected to be held for a short period of time." Tennessee Supreme Court Rule 8, section 1.15. Attorneys are prohibited

6

from commingling their funds with the funds of their clients in an IOLTA account and they may not use the account as a personal checking account. *Id.*, *see also Bd. of Prof'l Responsibility v. Allison*, 284 S.W.3d 316, 324 (Tenn. 2009).

Here, while it is true the Court has inherent authority to sanction misconduct during litigation, "outright dismissal of a lawsuit . . . is a particularly severe sanction." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). Moreover, the record is incomplete concerning whether Appellant had "permission" from his client to use the funds. While such permission would likely not absolve Appellant from a rule violation, it may provide support for a finding that Appellant did not act in bad faith rendering dismissal too severe a sanction under the circumstances. The Court finds that this issue is more appropriately directed to the bankruptcy court in the underlying proceedings or the Board of Professional Responsibility. As such, the Court declines to grant Appellees' requested relief.

## V. CONCLUSION

For the preceding reasons, the Court will deny Appellees' Motion for Summary Affirmance [#6]. The Court will also deny Appellees' Motion for Sanction of Dismissal [#8].

7

Case 3:16-cv-01976 Document 12 Filed 06/29/17 Page 7 of 8 PageID #: 167

Appellees shall file a brief, no more than five (5) pages in length, concerning their standing <u>on or before July 17, 2017</u>.  Appellant shall file a response, no more than five (5) pages in length, <u>on or before July 31, 2017</u>.

SO ORDERED.

Dated:  June 29, 2017 <u>/s/Gershwin A. Drain</u>
GERSHWIN A. DRAIN
United States District Judge
Sitting By Special Designation